**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARASTU SHARIFI**, <br><br> Plaintiff, <br><br> v. <br><br> **EAST WINDSOR TOWNSHIP**, *et al.*, <br><br> Defendants. | Civil Action No. 21-7965 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon a Partial Motion to Dismiss filed by Defendant Mercer County Board of Taxation ("Defendant" or "Tax Board") (ECF No. 46.)  In support of its Motion, Defendant filed a Moving Brief.  ("Moving Br.", ECF No. 46-2.)  Plaintiff Parastu Sharifi ("Plaintiff"), proceeding *pro se*, filed a brief in Opposition to Defendant's Motion ("Opposition," ECF No. 47), to which Defendants replied ("Reply," ECF No. 48).  Also pending is Plaintiff's Motion for Recusal of Judge Quraishi ("Recusal," ECF No. 31) and Plaintiff's "Written Objection to Discrimination and to Magistrate Judge Arpert's 'Order'" ("Objection," ECF No. 25).

  The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Plaintiff's Motion for Recusal, GRANT Defendant's Partial Motion to Dismiss the Second Amended Complaint, and DENY AS MOOT Plaintiff's Written Objection.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On April 2, 2021, Defendant removed this matter from the Superior Court of Mercer County. (ECF No. 1.) On June 24, 2021, it was reassigned to the undersigned. (ECF No. 12.)

On August 23, 2021, and September 8, 2021, Plaintiff filed Motions to compel discovery and interrogatory responses. (ECF Nos. 17, 19.) The Court denied those motions. (ECF No. 23.) On September 24, 2021, Plaintiff filed on objection to those decisions. On March 2, 2022, Plaintiff filed a Motion for Recusal of the undersigned. (ECF No. 31.)

Plaintiff filed a Second Amended Complaint on May 22, 2022. (ECF No. 38.) While not a model of clarity, it apparently alleges that Plaintiff was subject to harassment and racial discrimination by Defendants. (*See generally* Second Am. Compl.) The harassment started when representatives of Defendant East Windsor Township, where Plaintiff resides, repeatedly requested to inspect her condominium for cockroach infestations based on anonymous tips. (*Id.* ¶¶ 12–17.) This "outrageous conduct" amounted to intentional and negligent infliction of emotional distress (*id.* ¶¶ 44–45), violated her Fourth Amendment right against unreasonable searches and seizures (*id.* ¶ 28), and further violated her Fourteenth Amendment right against deprivation of life, liberty, or property, without due process of law (*id.* ¶ 31). Plaintiff alleges that, upon further investigation into the tax assessment records, she noticed that non-white condominium owners in East Windsor Township paid higher taxes for their residences than their white counterparts. (*Id.* ¶ 19.) As a result, Plaintiff claims to have been a victim of racial discrimination pursuant to 42 U.S.C. § 2000a-2, 31 U.S.C. § 6711(a), and the New Jersey Constitution Article VIII. (*Id.* at 5.) Plaintiff concludes by alleging that "the hike in the property taxes has occurred as [a] result of Township officials fraudulently doubling the property tax assessment of some targeted condominium complexes." (*Id.* ¶ 47.)

On August 23, 2021, Plaintiff also filed a separate, parallel civil complaint against Defendant East Windsor Township in the Tax Court of New Jersey. (Moving Br. at 14.)

## II.    MOTION FOR RECUSAL

By her Recusal Motion, Plaintiff requests recusal of the undersigned on the basis that her "case has been IGNORED and HALTED" since January 6, 2022. (Recusal ¶ 14) (emphasis in original). Insofar as the Motion does not specify under which statute it seeks to proceed, the Court considers it under both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Under 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009). Here, however, Plaintiff did not include an affidavit with the Motion. Recusal is therefore not appropriate under this section. *Meleika v. City of Bayonne*, Civ. No. 21-11394, 2022 WL 2357482, at *6 (D.N.J. June 29, 2022) (denying recusal under § 144 for failure to file supporting affidavit).

Under 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under § 455(a) is an objective one: "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (citing *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003)). Here, the Recusal Motion is based solely on Plaintiff's perception that her case is moving too slowly. It asserts no other basis. The delay the Recusal Motion cites is from January 6, 2022 (when Plaintiff sought an update on the status of her case) to March 2, 2022 (when the Recusal Motion was filed). This is less than two months. On these facts, the Court cannot find that a reasonable person would conclude the undersigned's impartiality might reasonably be questioned. *See Allen v. Utah State Prison*, Civ. No. 16-324,

3

2017 WL 481417 (D. Utah Feb. 6, 2017) (denying recusal motion based entirely on a plaintiff's complaint that his case was moving too slowly). The Recusal Motion will therefore be DENIED.

### III. WRITTEN OBJECTION TO DISCRIMINATION AND TO MAGISTRATE JUDGE ARPERT'S "ORDER"

On September 24, 2021, Plaintiff filed what she styled as a "written objection to discrimination" in response to an Order denying two of her motions to compel, on the grounds that the Order was discriminatory on its face, violated the Federal Rules of Civil Procedure, and violated her constitutional rights. (Objection ¶ III.) The Objection asserts that Plaintiff "strongly believes that Magistrate Judge Arpert has a personal bias against her, and in favor of the adverse party and their success in this case, in violation of 28 U.S. Code § 144" (Objection ¶ VIII) and that her "plain and reasonable motion" is intended to convey that she cannot reasonably expect proceedings managed by Judge Arpert to be free from an appearance of bias (*Id.* ¶ IX).

Based upon the Objection's reference to the removal statute 28 U.S.C. § 144, together with its assertions of bias, the Court infers that the Objection seeks the recusal of Judge Arpert. Notably, Plaintiff filed a prior motion more clearly seeking the same relief with respect to Judge Arpert, one day earlier. (*See* ECF No. 24.) The Court denied that motion as moot because this matter was reassigned to the Honorable Rukhsanah L. Singh, U.S.M.J. (ECF No. 23.) The Court reaches the same conclusion as to this Objection: it too is moot given the reassignment of this case to Judge Singh. The Objection will therefore be DENIED.

### IV. MOTION TO DISMISS

#### A. LEGAL STANDARD

Under Rule 12(b)(1), a court may dismiss a claim if it lacks subject-matter jurisdiction. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A Rule 12(b)(1) motion can raise a facial attack or a factual attack, which determines the standard of review. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack "is an argument that

4

considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal question … or because some other jurisdictional defect is present." *Constitution Party*, 757 F.3d at 357.  In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* at 358.  "A factual attack concerns the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *CAN v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *see id.* ("So, for example, while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking.")  When considering a factual challenge, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist," the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to [the] plaintiff's allegations...." *Mortenson v. Fest Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.     DISCUSSION**

Defendant contends that Plaintiff's claims against it are barred by the Tax Injunction Act ("TIA"), which prohibits district courts from enjoining, suspending, or restraining the collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.  (Moving Br. at 12.)  Under the TIA, Plaintiff's claims would have to proceed in State court.  (*Id.* at 15–16.)  Plaintiff has already filed a complaint in New Jersey's Tax Court.[1]  (*Id.* at 14.)

The TIA divests federal courts of jurisdiction unless the state fails to provide a "plain, speedy and efficient" remedy in its court.  *Gass v. Cnty of Allegheny*, 371 F.3d 134, 137 (3d Cir.

---

[1] Plaintiff's parallel suit has been assigned Tax Court Docket No. 011729-2021, entitled <u>Sharifi v. East Windsor Municipality</u>.

2004). In determining whether the remedy in the New Jersey courts is "plain, speedy and efficient," the Court is guided by the Supreme Court's decision in *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503 (1981).

The *Rosewell* Court construed "plain, speedy and efficient" to mean that a state court must meet "certain *minimal* procedural criteria," but it did not require that the state's remedy be the best, most convenient, or speediest one. *Id*. (emphasis in original); *see also id*. at 518–21 (stating that two-year delay in state court, although regrettable, was not so egregious that it ran afoul of the Act's requirement of a "speedy" remedy). Congress' intent in requiring that the state provide a plain, speedy and efficient remedy was to ensure that the taxpayer be afforded "a full hearing and judicial determination of the controversy," *id*. at 513 (quoting testimony of Senator Bone, 18 Cong. Rec. 1416 (1937)), and be able to appeal to the United States Supreme Court, *id*. (quoting S. Rep. No. 1035, at 2 (1937)).

As the Second Amended Complaint in this matter makes plain, Plaintiff seeks an order from this Court to enjoin the Tax Board from doing its statutorily required duties of reviewing property tax appeals and overseeing municipal tax assessors. (Second Am. Compl. ¶¶ 42–52.) This is in direct contradiction to the TIA. *Gass*, 371 F.3d at 137. As to whether New Jersey provides a sufficiently plain, speedy, and efficient remedy to meet its obligations under the TIA, the Second Amended Complaint makes no allegations to the contrary. As noted above, Plaintiff has already availed herself of the Tax Court, and the Court takes judicial notice of the docket of that court, which indicates Plaintiff's case has already been assigned a trial date of January 9, 2023. Under the circumstances, this appears to be an adequate remedy available to Plaintiff. The Court therefore finds that the TIA divests it of jurisdiction over Plaintiff's claims against the Tax Board.

Even if the Court were not deprived of jurisdiction by statute, Plaintiff's concurrent suit in Tax Court implicates general principles of comity, under which federal courts defer to state courts

in certain instances. In this regard, the Supreme Court has specifically held that the principles of comity apply to the field of state taxation. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010). After all, "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Id.* (quoting *Dows v. Chicago*, 78 U.S. 108, 110 (1871)). Accordingly, comity would also suggest that the Court defer to the Tax Court of New Jersey for these issues.

For these reasons, it is clear that both the TIA and the principles of comity militate against permitting Plaintiff to pursue her suit in this Court. Given its conclusion, the Court does not reach the parties' remaining arguments with regard to Eleventh Amendment immunity, notice under the Tort Claims Act, and failure to plead a plausible claim for relief.

## V.    CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Partial Motion to Dismiss, and the Tax Board will be DISMISSED. Further, Plaintiff's Motion to Recuse will be DENIED and her Written Objection will be DENIED AS MOOT. An appropriate Order will follow.

Date: October 24, 2022

                                             s/ Zahid N. Quraishi
                                             **ZAHID N. QURAISHI**
                                             **UNITED STATES DISTRICT JUDGE**